IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JESUS YANEZ,                        §
                                    §
    *Plaintiff,*                      §
                                    §
v.                                  §   CIVIL ACTION NO.: 3:21-cv-00073-DCG
                                    §
WALGREEN CO.                        §
    *Defendant.*                      §
                                    §

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

# TABLE OF CONTENTS

I.  Introduction & Summary of Argument ................................................................. 1

II. Argument & Authorities ...................................................................................... 2

    A.  District Manager Villanueva fired Yanez because he believed that Yanez
        had violated Walgreens' policies. Thus, Yanez must show that this reason
        for his termination was a pretext for age discrimination. ............................... 3

    B.  Yanez cannot show that the reason for his termination was a pretext for
        age discrimination. ......................................................................................... 4

        *1.  Villanueva's explanation for Yanez's termination is indisputably true
            because Yanez admitted he engaged in the conduct for which he was
            terminated.* ............................................................................................. 5

            *a.  Because Villanueva had a good faith belief that Yanez violated
                Walgreens' policies, whether Yanez actually violated the policies is
                irrelevant.* ..................................................................................... 6

            *b.  Alternatively, Yanez has no competent evidence that he complied with
                Walgreens' policies.* ...................................................................... 8

        *2.  Yanez cannot show he was disparately treated, as compared to any similarly
            situated employee outside of the protected class.* ................................... 9

        *3.  Yanez has no competent evidence to discredit the basis for his termination
            and, alternatively, his attempts to do so fail a matter of law.* ................ 11

            *a.  The alleged insufficiency of Yanez's termination paperwork does not
                show the real reason for his termination was his age.* ...................... 12

            *b.  Villanueva's failure to use progressive discipline does not show the
                real reason for Yanez's termination was his age.* ............................ 12

             *c.  There is no conspiracy at Walgreens to eliminate highly paid, more
                senior employees, and this conspiracy theory fails to show age
                discrimination as a matter of law.* ................................................... 16

III.  Conclusion and Prayer for Relief .................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Bauer v. Albemarle Corp.*,
   169 F.3d 962, 965 (5th Cir. 1999) .......................................................... 3

*Bishop v. Texarkana Tex. Police Dep't*,
   370 F. App'x 546 (5th Cir. 2010). ........................................................ 16

*Brown v. Extraco Mortg. Co.*,
   256 F. App'x 713 (5th Cir. 2007) .......................................................... 17

*Butler v. Ohio Power Co.*,
   91 F.3d 143 (6th Cir. 1996) .................................................................. 12

*Carmon v. Saks Fifth Ave., LLC*,
   No. 4:19-CV-02855-AGF, 2021 WL 1312976 (E.D. Mo. Apr. 8, 2021) ................................ 14

*Collins v. Kimberly-Clark Penn., LLC*,
   247 F. Supp. 3d 571 (E.D. Pa. 2017), *aff'd*, 708 F. App'x 48 (3d Cir. 2017) ........................ 15

*Duncan v. Exxon Corp.*,
   66 F.3d 320 (5th Cir. 1995) .................................................................. 18

*Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*,
   715 F. App'x 351 (5th Cir. 2017) ............................................................. 7

*Ferguson v. Extraco Mortg. Co.*,
   264 F. App'x 351 (5th Cir. 2007) ............................................................ 17

*Jackson v. Cal-W. Packaging Corp.*,
   602 F.3d 374, 379 (5th Cir. 2010) ........................................................... 9

*Jefferson v. Christus St. Joseph Hosp.*,
   374 F. App'x 485 (5th Cir. 2010); ........................................................... 17

*Jones v. Gulf Coast Rest. Grp., Inc.*,
   8 F.4th 363 (5th Cir. 2021) ............................................................ passim

*Jones v. Lubbock Cty. Hosp. Dist.*,
   834 F. App'x 923 (5th Cir. 2020) ............................................................ 3

*Kalkhorst v. United Parcel Serv., Inc.*,
   375 F. Supp. 2d 1079 (D. Colo. 2005) ....................................................... 16

*Kitchen v. BASF,*
    952 F.3d 247 (5th Cir. 2020) .................................................................... 7, 8

*Morrison v. Weyerhaeuser Co.,*
    119 F. App'x 581 (5th Cir. 2004) ............................................................... 14

*Ross v. Judson Indep. Sch. Dist.,*
    993 F.3d 315 (5th Cir. 2021) .................................................................... 2, 9

*Shryer v. Univ. of Tex. Sw. Med. Ctr. at Dall.,*
    587 F. App'x 151 (5th Cir. 2014) ............................................................... 16

*Simien v. Chem. Waste Mgmt., Inc.,*
    30 F. Supp. 2d 939 (W.D. La. 1998), *aff'd*, 174 F.3d 199 (5th Cir. 1999)................................ 3

*Spencer v. Schmidt Elec. Co.,*
    576 F. App'x 442 (5th Cir. 2014) ................................................................. 3

*Tex. Dep't of State Health Servs. v. Resendiz,* — S.W.3d —, No. 08-19-00273-CV, 2021 WL
    5564436 (Tex. App.—El Paso Nov. 29, 2021, no pet. h.)........................................ 3, 10, 11, 13

*Tex. Health & Human Servs. Comm'n v. Enriquez,*
    No. 08-19-00279-CV, 2021 WL 3185719 (Tex. App.—El Paso July 28, 2021, no pet.) .......... 7

*Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores,*
    612 S.W.3d 299 (Tex. 2020)...................................................................... 10

*Waggoner v. City of Garland,*
    987 F.2d 1160 (5th Cir. 1993). ............................................................. 6, 8, 16, 17

**Rules**

FED. R. CIV. P. 56(a). .............................................................................. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS YANEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:21-cv-00073-DCG |
| | § | |
| WALGREEN CO., | § | |
| *Defendant.* | § | |
| | § | |

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Defendant Walgreen Co. ("Walgreens") moves for summary judgment on Plaintiff Jesus Yanez's sole claim in this suit: age discrimination under the Texas Commission on Human Rights Act (TCHRA). Because there is no genuine dispute as to any material fact, Walgreens respectfully requests summary judgment. *See* FED. R. CIV. P. 56(a).

## I.   INTRODUCTION & SUMMARY OF ARGUMENT

Yanez—an Assistant Store Manager at a Walgreens store in El Paso—was caught trying to sell Walgreens' property online; specifically, the store's Nestaflex "rollers" (a large 200-300lb metal extendable conveyor on wheels):



1

Ex. 1-D at D-JY-000336. After Yanez admitted to this conduct, District Manager Froylan Villanueva terminated Yanez's employment for violating company policies. Yanez filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), claiming Villanueva fired him because of his age. Ex. 8. Lacking any evidence of age discrimination, the EEOC promptly dismissed Yanez's charge with a no-cause finding. Ex. 9 at D-JY-000073, 000094.

Yanez then sued Walgreens for age discrimination. Yanez has continued to admit that he tried to sell Walgreens' property online. However, he has sought to justify his conduct by claiming other employees frequently take Walgreens' property home and that his supervisor, Store Manager Ruben Alba, gave him permission to take Walgreens' property. Yanez has also concocted a conspiracy theory that District Manager Villanueva, other district managers, and several departments of Walgreens are all part of an effort to eliminate more senior, higher earning employees to improve the bottom line. However, Yanez has no competent evidence showing that his termination for violating company policies was a pretext for age discrimination. Thus, Walgreens is entitled to summary judgment.

## II.   ARGUMENT & AUTHORITIES

The sole claim in this suit is TCHRA age discrimination. When, as here,[1] a plaintiff has no direct evidence of age discrimination under the TCHRA, courts apply the *McDonnell Douglas* burden-shifting framework. *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021). "Under *McDonnell Douglas*, a plaintiff has the initial burden of establishing a prima facie case of discrimination." *Id.* If the plaintiff meets this prima facie burden, the burden of production "shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action." *Id.*

---

[1] Yanez concedes that his age was not the stated reason for his termination. Ex. 4 at 108, 124–25.

(quotation marks omitted). If the employer provides such a reason, "the burden shifts back to the plaintiff to prove that the reason is pretextual." *Id.*

### A. District Manager Villanueva fired Yanez because he believed that Yanez had violated Walgreens' policies. Thus, Yanez must show that this reason for his termination was a pretext for age discrimination.

Under *McDonnell Douglas*, an employer has a legitimate, non-retaliatory reason to terminate an employee for violating company policy. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 965, 967 (5th Cir. 1999) (holding employee's violation of conflict-of-interest policy was a legitimate non-discriminatory reason for termination).[2] Thus, when an employee violates an employer's policies regarding safety, waste disposal, or misappropriation of company property, the employer has a legitimate non-discriminatory reason to fire the employee. *See Spencer v. Schmidt Elec. Co.*, 576 F. App'x 442, 451 (5th Cir. 2014) (safety policy violation); *Simien v. Chem. Waste Mgmt., Inc.*, 30 F. Supp. 2d 939, 944 (W.D. La. 1998), *aff'd*, 174 F.3d 199 (5th Cir. 1999) (waste disposal policy violation); *Tex. Dep't of State Health Servs. v. Resendiz*, — S.W.3d —, No. 08-19-00273-CV, 2021 WL 5564436, at *7 (Tex. App.—El Paso Nov. 29, 2021, no pet. h.) (misappropriation-of-property policy violation).[3] Villanueva fired Yanez for violating company policy, which subjected Walgreens to a risk of liability. Ex. 1 at 3 ¶¶ 14–15; Ex. 4 at 56–57.[4] Thus, Yanez has the burden to show this reason was a pretext for age discrimination.

---

[2] Although the *Bauer* court was considering a Title VII claim, Texas courts "consult judicial interpretations of Title VII . . . when reviewing TCHRA claims." *Ross*, 993 F.3d at 321.

[3] The policy violation need not be drastic, severe, or cause any direct physical harm. *See Jones v. Lubbock Cty. Hosp. Dist.*, 834 F. App'x 923, 927 (5th Cir. 2020) (holding violation of "employee conduct policy forbidding gossip" was a legitimate non-discriminatory reason for termination).

[4] Villanueva fired Yanez for violating the Waste Disposal Policy, the Standards of Conduct, and the Team Member Safety and Health Policy. Ex. 1 at 3, ¶ 14.

**B.  Yanez cannot show that the reason for his termination was a pretext for age discrimination.**

"Pretext may be established through evidence of disparate treatment or by showing the employer's explanation to be false or unworthy of credence—that it is not the real reason for the adverse employment action." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks omitted). The employee "must produce substantial evidence of pretext." *Id.* (quotation marks omitted). "The quality and weight of the evidence determines whether it is substantial." *Id.* "In deciding whether summary judgment is warranted, a court should consider, among other things, the probative value of the proof that the employer's explanation is false and any evidence that supports the employer's case." *Id.* (cleaned up).

As set out in *Jones*, well-settled Fifth Circuit precedent establishes three different ways to show pretext: (1) the employer's basis for the employee's termination was false; (2) even if the employer's basis is true, the employer disparately treated the employee as compared to similarly situated employees outside of the protected class; and (3) the employer's basis for termination is otherwise not worthy of credence and age discrimination was the real reason for termination. *See id.* Here, Yanez admitted the factual basis for his termination—not disposing of the old rollers through StoreCare+ and taking them home to sell online—was true. Ex. 4 at 43; Ex. 6 at D-JY-000322. Yanez has also been unable to identify any similarly situated employee under the age of 40, or substantially younger than him, who was treated more favorably. *See* Part B.2 *infra*. Finally, Yanez's efforts to discredit the reason for his termination are unsupported by any competent evidence and they otherwise fail as a matter of law. *See* Part B.3 *infra*.

*1.   Villanueva's explanation for Yanez's termination is indisputably true because Yanez admitted he engaged in the conduct for which he was terminated.*

District Manager Villanueva terminated Yanez's employment because: (1) another store manager (Bernal) complained to Villanueva that Yanez was attempting to sell the old rollers online; (2) an Asset Protection Manager (Birmaher) investigated the complaint; and (3) during the investigation, Yanez and Alba admitted that Yanez took the old rollers home and tried to sell them online. Ex. 6 at D-JY-000322. Bernal sent Villanueva a screenshot showing that Yanez was attempting to sell the old rollers online:



Ex. 6 at D-JY-000322. During the investigation into Bernal's complaint, Yanez wrote a statement admitting that he took the old rollers home and tried to sell them online:

> On 2020-05-20 17:07, STR 03570 wrote:
>
> I Jesus Yanez is giving this statement in with regards to the old rollers that the store is getting rid of due to the new rollers that we received. Once we received the new rollers we had the old rollers too get rid of and we where going to leave them outside so that anyone could take them but store manager did not want that and asked me since I had a truck to take them and get rid of them. I loaded them into the my personal vehicle. And I still have rollers on offer up for 500 dollars and if store needs back I will gladly bring them back
>
> Jesus Yanez
>
> 1093864

*Id.* at D-JY-000326. During his deposition, Yanez again admitted that he took the old rollers home and tried to sell them online. Ex. 4 at 43, 57. Instead of arguing the underlying factual basis for his termination was false, Yanez argues he did not violate the Waste Disposal Policy because Villanueva misapplied the policy. Specifically, Yanez stated the Waste Disposal Policy applies only to "waste" and the old rollers were not "waste," they were "trash." Ex. 4 at 111–13.

> *a. Because Villanueva had a good faith belief that Yanez violated Walgreens' policies, whether Yanez actually violated the policies is irrelevant.*

The relevant inquiry is not whether Yanez violated Walgreens' policies, but whether District Manager Villanueva had a good faith belief that he did. When, as here, an employee is terminated based on another employee's complaint, "the validity of the initial complaint is not the central issue, because the ultimate falseness of the complaint proves nothing as to the employer, only as to the complaining employee." *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993). "The real issue is whether the employer reasonably believed the employee's allegation and acted on it in good faith, or to the contrary, the employer did not actually believe the co-employee's allegation but instead used it as a pretext for an otherwise discriminatory dismissal."

6

*Id.* "Thus, the inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief." *Id.* at 1165–66.

To the extent that Yanez's waste-versus-trash distinction "relates to his innocence of the [policy violation] charge, it is irrelevant. He must, instead, produce evidence demonstrating that [Villanueva] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him on the basis of his age." *Id.* at 1166. An employee's disagreement with an employer's reading and application of a policy "falls short of the substantial evidence required to prove pretext." *See Jones*, 8 F.4th at 368. Thus, Yanez cannot meet his burden to show pretext merely by showing he did not actually violate the Waste Disposal Policy; he must show that Villanueva did not believe in good faith that he had violated the policy. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (holding whether employee drug test results were a false positive was irrelevant); *Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, 715 F. App'x 351, 355 (5th Cir. 2017) (holding employee's actual innocence of alleged academic fraud did not show pretext); *see also Tex. Health & Human Servs. Comm'n v. Enriquez*, No. 08-19-00279-CV, 2021 WL 3185719, at *13 (Tex. App.—El Paso July 28, 2021, no pet.) (stating employers have no burden to prove a policy violation beyond a reasonable doubt).

Irrefutable evidence establishes that, even if Yanez could demonstrate that his conduct did not violate Walgreens' policies, Villanueva *believed in good faith* that it did. For example, the Waste Disposal Policy requires bulk items to be discarded by opening a ticket with StoreCare+ for removal. Ex. 1-A at D-JY-000235. Villanueva directed Store Manager Alba to open a ticket with StoreCare+ for removal of the rollers, and texted Alba to ask whether he had done so. Ex. 1 at 2 ¶¶ 9–10, 12; Ex. 6 at D-JY-000325. This evidence establishes Villanueva's good faith belief— before he knew that Yanez took the rollers home—that the rollers were a "bulk item" to be

discarded as per the Waste Disposal Policy's procedure for disposing of bulk items through StoreCare+.

Irrefutable evidence also establishes that Villanueva's belief that the policy applied to the old rollers was objectively reasonable. Such determinations are made by a court as a matter of law, and not by a jury. *See Kitchen*, 952 F.3d at 253 (affirming grant of summary judgment and holding, as a matter of law, that the employee's evidence failed to show the employer "did not reasonably believe its non-discriminatory reason for discharging him"). The Waste Disposal Policy refers to "bulk" items, such as pallets, shelves, displays, and "other large items" that "should not go in the compactor, as they will cause extensive damage." Ex. 1-A at D-JY-000235. For such "large items," the proper procedure is to "call StoreCare+ . . . to open a work order for a bulk pickup." *Id.* The Waste Disposal Policy plainly applies to large items that could cause damage to a trash compactor and that are more appropriate for "bulk pickup." *Id.* The policy provides "pallets" are an example of a large item subject to the policy. *Id.* According to Yanez, the old rollers at issue are bulkier and heavier than a pallet; the old rollers were 200-300lbs, made of out metal, and unwieldy. Ex. 4 at 97. Because the rollers were much larger and heavier than an ordinary pallet, Villanueva's belief that the rollers should be disposed of as per the Waste Disposal Policy's procedure for bulk collection was objectively reasonable as a matter of law. Because Yanez admitted he did not dispose of the old rollers as per the ticketing procedure with StoreCare+, Villanueva's good faith belief that Yanez violated the Waste Disposal Policy was objectively reasonable. This ends in the inquiry. *See Waggoner*, 987 F.2d at 1165–66.

> #### b.   Alternatively, Yanez has no competent evidence that he complied with Walgreens' policies.

Yanez argues he did not violate the *Waste* Disposal Policy because the rollers were "trash," not "waste." Attempting to distinguish "trash" from "waste," Yanez testified during his deposition

8

as follows: "Trash is trash. Waste is waste . . . Well, waste is a broke door. That's waste. Trash is trash containers, garbage. It's just -- it's different." Ex. 4 at 112. When asked why the broken rollers were not like a broken door, Yanez responded that the rollers were "deemed trash." *Id.* at 112–13. In sum, according to Yanez, the Waste Disposal Policy did not apply to the rollers because they were deemed by Store Manager Alba to be "trash" and not "waste." *See id.* at 111–13.

For several reasons, Yanez's distinction between "waste" and "trash" is unsupported by any competent evidence and thus fails as a matter of law. First, during his deposition, Yanez palpably failed to make any discernable distinction between "waste" and "trash." *See id.* Indeed, the words are synonymous. Second, the words "waste" and "trash" are used interchangeably throughout the Waste Disposal Policy. Ex. 1-A at D-JY-000233 to 000236. Thus, Yanez's waste-versus-trash distinction is wholly unsupported by anything in the policy itself. Third, Yanez admitted that even if the rollers were "waste," he "wouldn't follow the policy." Ex. 4 at 113. In sum, Villanueva's attempt to distinguish between "waste" and "trash" is arbitrary and self-serving, and thus not "substantial evidence of pretext." *See Jones*, 8 F.4th at 368; *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (explaining that, for a pretext analysis, "self-serving" denials of misconduct "are insufficient to create a triable issue of fact as to whether [the employee was fired] because of his age").

### 2. Yanez cannot show he was disparately treated, as compared to any similarly situated employee <u>outside</u> of the protected class.

During his deposition, Yanez asserted he was disparately treated. To show pretext through disparate treatment as compared to another employee (i.e. a comparator), the employee must show the comparator was: (1) outside of the protected class; (2) similarly situated; and (3) treated more favorably than the other employee. *See Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 322 (5th Cir. 2021). Although Yanez has identified two proposed comparators—Store Manager Alba and

another Assistant Store Manager Eddie Marquez (who twice allegedly placed old rollers outside near the store dumpster after calling StoreCare+)—neither comparator satisfies the requirements necessary to show disparate treatment. Ex. 4 at 76–79, 151.

As a matter of law, Marquez is an invalid comparator. First, Marquez was not outside of the protected class. For his age discrimination claim, Yanez would need to show that Marquez was either younger than 40 years of age, or significantly younger than him. *See Ross*, 993 F.3d at 323. However, Marquez is approximately the same age as Yanez.[5] Because Marquez is not younger than 40 or substantially younger than Yanez, and thus not within the protected class for an age discrimination claim, Marquez is not a valid comparator to show Walgreens treated *younger* employees more favorably than Yanez. *Cf. Tex. Dep't of State Health Servs. v. Resendiz*, No. 08-19-00273-CV, 2021 WL 5564436, at *4 (Tex. App.—El Paso Nov. 29, 2021, no pet. h.) ("Resendiz [male] was replaced by only males, and the comparators were not really comparators").

Second, Marquez was not similarly situated. Employees who have different supervisors are not similarly situated for purposes of showing pretext under the TCHRA. *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 312 (Tex. 2020). According to Yanez, Marquez was an assistant store manager in a different district and reported to a different district manager; he did not report to Villanueva. Ex. 4 at 77–78; *see* Ex. 1 at 3 ¶ 17; Ex. 11 at 25. Furthermore, Marquez testified that both times he placed the old rollers by the dumpsters, he had called StoreCare+ before disposing of his store's old rollers and he did not take the rollers home to sell online. Ex. 11 at 33. He also testified he had no idea whether his district manager (who was not Froy Villanueva) knew

---

[5] During his deposition, Yanez testified that Marquez is older than he is. Ex. 4 at 83. Marquez testified his date of birth is August 9, 1967. Ex. 11 at 14. In his EEOC charge, Marquez testified he was also born in 1967. Ex. 8.

that he placed the old rollers near the trash. *Id. see* Ex. 1 at 3, ¶ 17. Because Marquez is not similarly situated, he cannot serve as a comparator for Yanez's claim. *See Ross*, 993 F.3d at 322.

As a proposed comparator, Store Manager Alba fares no better. First, like Marquez, Alba is within the protected class. In his sworn EEOC charge, Yanez admitted that Alba is five years older than him. Ex. 8. Because Alba is not under the age of 40 or significantly younger than Yanez, Alba is within the protected class and cannot serve as a comparator to show disparate treatment. *See Resendiz*, 2021 WL 5564436, at *4. Second, Alba was not treated more favorably than Yanez. During his deposition, Yanez admitted that Alba was also terminated for the same reason that he was terminated. Ex. 4 at 42, 124. Because Yanez and Alba were treated identically, Alba was not treated *more* favorably than Yanez and Alba's circumstances cannot show *disparate* treatment. Yanez is therefore unable to show pretext via disparate treatment.

> 3. *Yanez has no competent evidence to discredit the basis for his termination and, alternatively, his attempts to do so fail a matter of law.*

As shown above, the basis for Yanez's termination was not false, and Yanez cannot show that District Manager Villanueva applied Walgreens' policies more favorably for younger employees. Because Villanueva had an objectively true, reasonable, and non-discriminatory basis to terminate Yanez's employment, Yanez can prevail only if he can produce "substantial evidence" that Villanueva's "real reason" for firing him was because of his age. *See Jones*, 8 F.4th at 368. Notably, Yanez concedes that he never heard anyone at Walgreens, including Villanueva, say anything ageist or make derogatory comments regarding age. *Id.* at 71–72. Nevertheless, Yanez attempts to show pretext because: (1) he was supposedly not given any termination paperwork; (2) Villanueva should have used progressive discipline because Yanez's conduct was justified or excused; and (3) there is a conspiracy at Walgreens to eliminate more senior, higher paid

employees to help the bottom line. These arguments all fail to show Villanueva's real reason for terminating Yanez was his age.

> ### a. The alleged insufficiency of Yanez's termination paperwork does not show the real reason for his termination was his age.

In his EEOC charge, Yanez stated, "I believe that the reason provided for my termination is pretext . . . in that I was not provided with any termination paperwork." Ex. 8. During his deposition, Yanez did not elaborate on this accusation or assert that he still believed the lack of termination paperwork was evidence of pretext. Instead, Yanez admitted that District Manager Villanueva met with him and informed him of the reason for his termination. Ex. 4 at 56–57. Even if Villanueva had not given Yanez any reason why he was terminated, this would not constitute evidence of pretext. *See Butler v. Ohio Power Co.*, 91 F.3d 143 (6th Cir. 1996) (stating "[t]he fact that defendant's articulated reasons for the termination decision were not all revealed to plaintiff at her termination meeting" was "insufficient to demonstrate pretext"). Undisputed evidence also establishes that Yanez received some termination paperwork; specifically, termination paperwork regarding his COBRA benefits. Ex. 10. Yanez has been unable to articulate how, or cite any authorities supporting that, the alleged insufficiency of his termination paperwork proves pretext. Thus, any alleged insufficiency in Yanez's termination paperwork is not substantial evidence of pretext to overcome a summary judgment challenge. *See Jones*, 8 F.4th at 368.

> ### b. Villanueva's failure to use progressive discipline does not show the real reason for Yanez's termination was his age.

Yanez asserted during his deposition that Villanueva's reason for terminating him was "BS" because it was a minor violation, and he brought the rollers back and no one was injured or harmed. Ex. 4 at 80–81. Yanez also stated that, even if he violated the Waste Disposal Policy, District Manager Villanueva could have "start[ed] with progressive write-ups." *Id.* at 83.

However, the failure to use "progressive discipline" is not evidence of pretext when there is no policy requiring progressive discipline and termination is an available consequence of violating the policy. *See Resendiz*, 2021 WL 5564436, at *7. Here, Walgreens' policies did not require progressive discipline. Instead, the Standards of Conduct provide that "immediate termination" may be the result of certain misconduct:

> In most instances, a team member should not be terminated for a single misdeed or failure to work up to standard. However, team members observed to have serious or sustained performance that is below the standards communicated to the team member may be subject to progressive discipline, a performance improvement plan, or immediate termination. In addition, some misconduct may justify immediate termination of employment.
>
> A non-exhaustive list of examples of conduct for which team members may be subject to disciplinary action, up to and including immediate termination, is described below.

Ex. 1-C at D-JY-000229. The "non-exhaustive list" specifically includes failing to comply with company policies, procedures, and/or guidelines:

> • Gross misconduct.
> • Failing to comply with company policies, procedures, and/or guidelines.

Yanez's various justifications for trying to sell the old rollers online do not show that Villanueva fired Yanez based on his age. During his deposition, Yanez testified that: (1) his supervisor, Store Manager Alba, authorized him to take the rollers home and he immediately brought the rollers back, Ex. 4 at 81; (2) employees frequently take discarded property from Walgreens, *id.* at 150; and (3) many stores do not comply with the Waste Disposal Policy for bulk

13

items, *id.* at 76. These explanations fail to show pretext for at least three reasons. First, they appear to concede that Yanez *violated* Walgreens' policies, and instead attempt to *justify* the violation. *See Carmon v. Saks Fifth Ave., LLC*, No. 4:19-CV-02855-AGF, 2021 WL 1312976, at *16 (E.D. Mo. Apr. 8, 2021) (holding employee's belief that she had authority to take store merchandise, based on prior authorization from a supervisor, did not discredit decisionmaker's belief that employee lacked authority to take merchandise).

Second, Yanez's explanations boil down to nothing more than a bandwagon fallacy: Yanez is attempting to escape responsibility for violating Walgreens' policies because other employees also violated the policies; he was just the unlucky one who got caught. Even if Yanez's argument were facially plausible, his argument would prove too much: Yanez was terminated because he was *caught* violating Walgreens' policies—not because of his age. The fact that Yanez believes the circumstances are unfair is not sufficient evidence of pretext. *See Morrison v. Weyerhaeuser Co.*, 119 F. App'x 581, 585 (5th Cir. 2004) ("[A] personal feeling that [an employee] was treated incorrectly or unfairly . . . is not probative of pretext.").

And third, Yanez's beliefs show he is palpably disinterested in the risk of liability to which he subjected Walgreens. Yanez admitted he did not care about the risk that the old rollers might injure someone because he would not see who took them and he assumed it would be "dumpster divers" from Mexico:

```
13        Q.    Did you have any concern that if you just put
14   them out on the street that somebody could pick them up
15   and end up hurting themselves?
16        A.    Well, I had no concern over it, because, you
17   know, I'm not going to see who is picking them up.  If
18   somebody picks them up, they are going to -- they are
19   going to pick them up, try to put them on their truck or
20   whatever vehicle they are going to take them in.  But I
21   had no concern.  It's like, they are out there.  It's
22   trash.  So, you know, I really don't have any -- I
23   didn't have no concern.
```

Ex. 4 at 79. Yanez elaborated:

```
              Jesus Yanez - January 12, 2022

                                                   Page 90
 1             Because here -- especially here in
 2   El Paso, since we are -- we are so close to Juarez,
 3   people from Juarez come in here every day dumpster
 4   diving, trash diving.  They come in and they take
 5   everything.  And that's why I'm saying this -- yes, this
 6   policy says you've got to call StoreCare, but some
 7   stores aren't going to even bother with that.  And I
 8   was -- and I was part of -- like I said, in my 21
 9   years -- or 20 years with the company, we would never
10   call StoreCare to remove trash.  Never.
```

*Id.* at 90. Moreover, the risk was not merely that someone else could have taken the rollers and got injured, but that *Yanez* could have been injured on Walgreens' property by lifting 200-300lbs rollers onto his truck by himself. *Id.* at 90; Ex.1 at 3, ¶ 14.[6]

---

[6] Yanez believes that Walgreens does not care about employees lifting heavy items because Walgreens had no issue with him lifting 50-60lbs tables into his truck for a March of Dimes community event. However: (1) Yanez had approval to move the tables, and he did not have approval to lift the rollers into his truck to take home to sell online; (2) the rollers are metal,

It is irrelevant whether Yanez brought the rollers back without anyone being injured. Yanez asserts, in essence, a "no harm, no foul" argument. But such arguments do not show pretext. *See Collins v. Kimberly-Clark Penn., LLC*, 247 F. Supp. 3d 571, 592 (E.D. Pa. 2017), *aff'd*, 708 F. App'x 48 (3d Cir. 2017) (rejecting employee's "'no harm no foul' argument" offered to show pretext because the validity of a termination based on a policy violation "does not depend on the result of a failure to comply"); *Kalkhorst v. United Parcel Serv., Inc.*, 375 F. Supp. 2d 1079, 1082 (D. Colo. 2005) (rejecting similar "no harm, no foul" argument to show pretext for age discrimination claim). Instead, Yanez's callous disregard of the risks associated with his conduct underscores the gravity of his violation of Walgreens' policies. In short, Yanez's attempts to justify his violation of Walgreens' policies is not substantial evidence showing Villanueva's real reason for terminating Yanez was Yanez's age.

> c. *There is no conspiracy at Walgreens to eliminate highly paid, more senior employees, and this conspiracy theory fails to show age discrimination as a matter of law.*

During his deposition, Yanez suggested there is a company-wide conspiracy to replace more senior, higher-paid employees with younger, lower-paid employees to help the bottom line. Ex. 4 at 132–34. When asked during his deposition why he believed that Walgreens was targeting "elderly" employees because of their age, Yanez mentioned numerous Walgreens employees under several different supervisors and district managers. *Id.* at 151–55. During discovery, Yanez has also referred to other age discrimination suits against Walgreens. To make his conspiracy theory apply to this case, Yanez also suggests that District Manager Villanueva, Norma Gonzalez in Employee Relations, Cielo Birmaher in Asset Recovery, and Michael Romero, Director of

---

expandable, unsafe, and unwieldy, unlike tables; and (3) lifting a 50-60lb table onto a truck is a far cry from lifting 200-300lb piece of machinery into a truck. Ex. 1 at 3, ¶ 16.

Pharmacy & Retail Operations, are all part of the conspiracy to rid Walgreens of its more senior, higher paid employees.

Like most conspiracy theorists, Yanez has no competent supporting evidence. The Fifth Circuit has repeatedly held that conspiracy theories based on an employee's mere speculation are insufficient to show pretext. *See Waggoner*, 987 F.2d at 1164; *see, e.g.*, *Shryer v. Univ. of Tex. Sw. Med. Ctr. at Dall.*, 587 F. App'x 151, 158 (5th Cir. 2014); *Bishop v. Texarkana Tex. Police Dep't*, 370 F. App'x 546, 548 n.1 (5th Cir. 2010). During his deposition, Yanez conceded he has "no idea" why the employees he identified were terminated. Ex. 4 at 152–53. Although Yanez adamantly denied that he was "speculating," *id.* at 155, an employee's belief of age discrimination without any evidence is "speculation" as a matter of law, which is insufficient to show pretext. *See Waggoner*, 987 F.2d at 1164 ("Waggoner's statements concerning a conspiracy among Hamilton, Phillips, and Connor is speculation. We have held that a plaintiff's subjective belief that his discharge was based on age is simply insufficient to establish an [age discrimination] claim.").

Furthermore, the mere existence of other age discrimination claims against an employer is generally inadmissible and does not show that the real reason for an employee's termination was his age. *See Brown v. Extraco Mortg. Co.*, 256 F. App'x 713, 714 (5th Cir. 2007); *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007). Yanez has no competent evidence that any other employee's claim of age discrimination was meritorious or reflected an age-bias held by District Manager Villanueva. Finally, Yanez believes he was targeted because, based on his hourly rate, he assumed that he "was the highest paid assistant store manager in the entire company." *See* Ex. 4 at 66. However, Walgreens' regional pay rates establish Yanez "was not even the highest paid assistant store manager in El Paso." Ex. 1 at 3, ¶ 18. Thus, Yanez has no competent evidence that he would even be targeted in any such conspiracy.

17

Even if Yanez could present competent evidence supporting a conspiracy theory that Walgreens eliminates more senior, higher-earning employees, this is not evidence of age discrimination as a matter of law. In *Hazen Paper Co. v. Biggins*, the U.S. Supreme Court held that alleged discrimination based on seniority is not necessarily discrimination based on age. 507 U.S. 604, 611 (1993). Instead, seniority and age—while related—are "analytically distinct." *Id.* Applying *Hazen Paper*, the Fifth Circuit has held that "termination of older employees to cut costs . . . does not constitute age discrimination under the . . . TCHRA as a matter of law." *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490 (5th Cir. 2010); *see also Duncan v. Exxon Corp.*, 66 F.3d 320 (5th Cir. 1995) (holding that employee could not show actionable age discrimination, even when his "supervisors commented that it was not worth paying [him] $55,000 a year for the six years it would take him to reach early retirement age"). Thus, even if Yanez had competent evidence to prove his conspiracy theory, the evidence would nevertheless fail to show pretext as a matter of law. Because Yanez lacks substantial evidence showing Villanueva's reason for terminating him was a pretext for age discrimination, Walgreens is entitled to summary judgment.

### III.   CONCLUSION AND PRAYER FOR RELIEF

To prevail on his TCHRA age discrimination claim, Yanez must be able to raise a genuine issue of material fact that Walgreens' reason for terminating him—taking the store's rollers home and trying to sell them online—was a pretext for age discrimination. As demonstrated above, Yanez has no competent evidence to show pretext. Because there is no genuinely disputed issue of material fact for trial, Walgreens prays that the Court render summary judgement on Yanez's TCHRA age discrimination claim and award Walgreens all other relief to which it is justly entitled.

Respectfully submitted,

*/s/ Shannon B. Schmoyer*
Shannon B. Schmoyer
State Bar No. 17780250
Christine E. Reinhard
State Bar No. 24013389
Richard L. Clifton
State Bar No. 24103565
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036
sschmoyer@sr-llp.com
creinhard@sr-llp.com
rclifton@sr-llp.com

**ATTORNEYS FOR DEFENDANT
WALGREEN CO.**

19